# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SOLORIO, | Case No. 18-cv-03596-CRB |
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| ERIN LOBACK, ET AL. | |
| Defendant. | |

Pro se Plaintiff Manuel Solorio ("Solorio") alleges a general violation of his constitutional rights based on allegations that (1) Alameda County District Attorneys, Erin Loback and Nancy O'Malley, inappropriately refused to bring criminal charges against Solorio's sister, Isabel Solorio, (2) Deputy District Attorney Loback and District Attorney Inspector Jim Taranto failed to adequately investigate his claim against Isabel Solorio, and (3) the County of Alameda and attorneys from the Office of the County Counsel for the County of Alameda, Donna Ziegler and Scott Feudale, failed to provide Solorio with documents from the Alameda County Assessor's Office. Dkt. 15. Defendants move to dismiss. Dkt. 18.

For the reasons that follow, the Court finds that all the individual Defendants are entitled to immunity and that Solorio does not state a plausible claim for relief against the County of Alameda. The Court thus dismisses the First Amended Complaint with leave to amend.

## I.     BACKGROUND

Solorio claims that District Attorneys O'Malley and Loback violated his constitutional rights by declining to prosecute his sister, Isabel Solorio, for allegedly

defrauding him in connection with the distribution of assets from the estate of their father, Luis Solorio.[1]  See Dkt. 15 at 4, 11, 26.[2]  He also alleges that Alameda County, through its Assessor's Office and County Attorneys, Ziegler and Feudale, violated his constitutional rights by failing to provide him with public documents.  See id. at 2, 20.  Solorio asserts that the allegedly inappropriately-withheld public documents substantiate his belief that his sister defrauded him because, he contends, they reveal that his sister forged his father's signature on his father's living trust.  Id. at 11, 20, 24.

The trust at issue was executed on December 23, 2015.  See id. at 42–51, 73.  The trust's sole asset was Luis's house, in which Solorio lived prior to Luis's death.  See id. at 16.  Isabel was named as trustee.  See id. at 45–46.  Under the trust's terms, upon Luis's death, Isabel was directed to distribute all trust assets in equal portions to Solorio and his four siblings.  See id. at 46.

After Luis's death, Isabel, as trustee, began efforts to remove Solorio from Luis's house so the estate could be liquidated.  See id. at 60–62.  Solorio resisted these efforts and argues that Isabel was not legally authorized to administer the trust because she forged Luis's signature on the trust document.  Id. at 11, 20, 24.  He alleges he was evicted from his deceased father's house on July 3, 2017, when Isabel changed the locks.  Id. at 16.  Solorio called the police, but the responding officer refused to give Solorio access to the home because Isabel presented the officer with an eviction notice.  Id.  Solorio alleges that Isabel never procured a valid eviction notice and only showed the responding officer "a notice of termination of possession."  Id.  Solorio asserts that due to his sister's actions he is homeless.  Id. at 11.  Solorio received $88,000 from the trust but believes that he is owed more.  Id. at 27, 71.

Solorio contends that he requested that the Alameda County's Assessor's Office provide him with real estate documents that Luis signed and that his requests were denied.

---

[1]  Isabel Solorio is not a party to this case.
[2]  For ease of reference, the pages in Solorio's Amended Complaint are numbered as designated at the top of each page by the Court's electronic filing system, rather than the page number assigned by Solorio.

Id. at 2, 14, 20.  In June 2017, he filed a complaint with the Alameda County District

Attorney's Office requesting criminal prosecution of Isabel for real estate fraud.  See id. at

17, 67.  The case was assigned to Loback, who allegedly told Solorio that she "was going

to do her very best to help [him]."  Id. at 4.  Loback did not file charges.  Id.  Instead,

Loback explained to Solorio that "a thorough review of [Solorio's] file" showed that there

was "insufficient evidence to proceed with criminal charges."  Id.  Solorio contends that

Loback "closed his case within 24 hours without investigating the Assessor's Office."  Id.

Solorio alleges that had Loback properly investigated and prosecuted Isabel for real

estate fraud, the family home would not have been "illegally" sold and Solorio would not

be homeless.  Id. at 26.  Solorio further alleges that Taranto, a District Attorney Inspector,

promised him a meeting with District Attorney O'Malley but thereafter declined to set up

such a meeting and "covered everything up to protect Erin Loback."  Id. at 4, 25.  As to

O'Malley, Solorio alleges that "the buck stops at [her] desk" because she is District

Attorney and that she failed to protect his rights despite protecting other individuals' rights

in prior cases.  Id. at 2, 15.  Solorio then sued Loback, O'Malley, Taranto, and the City of

Oakland.  Dkt. 1.

On July 30, 2018, County Counsel, Ziegler and Feudale, in their role as defense

counsel for O'Malley, Loback, and Taranto, moved to dismiss Solorio's Complaint.  See

Dkt. 7.

Solorio then filed an Amended Complaint.  Dkt. 15.  This Complaint again names

O'Malley, Loback, and Taranto.  Id. at 1.  It also names Ziegler and Feudale, as well as the

Assessor's Office.  Id.  It no longer names the City of Oakland.  See id.  Solorio seeks

$5,000,000 in damages.  Id. at 30.

Defendants have now filed a second Motion to Dismiss.  Dkt. 18.

## II.    LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on

its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P.

8(a)(2).  A claim is plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, a court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

While these standards apply to all pleadings, a pro se complaint "is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). If a district court grants a motion to dismiss, it "should liberally allow a party to amend its pleading." Sonoma Cnty. Ass'n of Retired Emps. v. Sonomy Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)). A court may deny "leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment, etc." Id. (internal quotation marks omitted).

## III. DISCUSSION

Solorio brings claims against employees of the Alameda County District Attorney's Office and the Alameda County Counsel's Office. He also brings a claim against the County of Alameda.[3] In response, Defendants argue that each individual Defendant is

---

[3] Solorio names as a defendant "the Assessor's Office of Oakland, CA," but Defendants note that, because the County Assessor's Office is in Oakland and the City of Oakland does not have a separate assessor's office, Solorio intends to refer to the Alameda County Assessor's Office. Dkt. 18 at i n.1. Further, Defendants contend that the Assessor's Office is not a separate public entity, but rather a political subdivision of the County, and so the County of Alameda is the proper Defendant. Id. Solorio does not challenge these characterizations in his response to the motion to dismiss. Dkt. 23. The Court thus takes Solorio's reference to "the Assessor's Office of Oakland, CA" to refer to the Alameda County Assessor's Office, and, in consequence, understands the institutional defendant to be the County of Alameda.

4

entitled to either absolute or qualified immunity and that Solorio does not state a plausible claim to relief against the County of Alameda. Defendants are correct.

### A. Immunity

The doctrines of absolute and qualified immunity shield government employees from liability for actions performed within the employee's official capacity. Prosecutorial immunity grants prosecutors "absolute immunity" from civil liability for "prosecutorial functions," but does not extend to "administrative, legislative, or executive functions." Forrester v. White, 484 U.S. 219, 226 (1988). By contrast, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'" for administrative, legislative, or executive functions. Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Defendants argue that each individual defendant is entitled to either absolute or qualified immunity. Specifically, Defendants argue that: (1) the District Attorneys, Loback and O'Malley, are entitled to absolute prosecutorial immunity for declining to bring charges against Isabel,[4] Dkt. 18 at 4–6; (2) that District Attorney Loback and District Attorney Inspector Taranto are entitled to qualified immunity for allegedly conducting an inadequate investigation, id. at 10; and (3) that the County Attorneys, Ziegler and Feudale,

---

[4] Solorio does not specify whether his suit is against the individual defendants in their individual or official capacities. See generally Dkt. 15. However, because Solorio seeks only damages, rather than injunctive relief, the Court concludes that the Complaint is levied against the individual defendants in their individual capacities. Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990) ("By seeking damages under § 1983, [a] Complaint indicates that the intended defendants are . . . [being sued] as individuals."); see also Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities . . . . Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred.").

Defendants argue that if sued in their official capacity Loback and O'Malley are entitled to Eleventh Amendment immunity. Dkt. 18 at 4–6. Because Solorio's claims are properly construed as against Defendants in their individual capacity, the Court need not address that argument.

are entitled to absolute immunity for their actions as defense counsel, id. at 7. Defendants are correct.

Because the immunity inquiry is functional, the following analysis is grouped by Defendants' alleged actions, rather than their titles. See Forrester, 484 U.S. at 224.[5]

### 1. Claim against Loback and O'Malley for declining to prosecute.

Solorio claims that District Attorneys Loback and O'Malley violated his rights by failing to criminally charge his sister. Dkt. 15 at 4, 11. 26. Defendants respond that Loback and O'Malley are entitled to absolute prosecutorial immunity. Dkt. 18 at 6–7. Defendants are correct.

Prosecutors are absolutely immune from damages for activities that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and in presenting the State's case[.]" Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). The Ninth Circuit has held that prosecutors are entitled to absolute immunity from damages for their decision not to initiate a criminal prosecution because the decision whether to charge a person with a crime "may well be the most critical determination of the entire prosecutorial process." Roe v. City & Cnty. of S.F., 109 F.3d 578, 583 (9th Cir. 1997). This is dispositive as to Solorio's claim that Loback and O'Malley failed to initiate a criminal prosecution: That decision was, under Ninth Circuit precedent, clearly "associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430-31, and thus Loback and O'Malley are entitled to absolute prosecutorial immunity for this action.

### 2. Claim against Ziegler and Feudale for failing to assist Solorio procure documents.

Solorio next claims that County Attorneys Ziegler and Feudale failed to help him procure documents from the Alameda County Assessor's Office. Dkt. 15 at 2. Defendants respond that Solorio's claim against Ziegler and Feudale is barred because both are entitled

---

[5] Loback appears twice because Solorio sues him for failing to prosecute Isabel Solorio and for conducting an inadequate investigation.

to absolute immunity for any act of advocacy they performed as defense counsel. Dkt. 18 at 7–10. Defendants are correct.

The Ninth Circuit has broadened the doctrine of absolute prosecutorial immunity to apply "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing . . . . [Provided that] the government attorney is performing acts 'intimately associated with the judicial phase' of the litigation[.]" Fry v. Melarango, 939 F.2d 832, 837 (9th Cir. 1991) (quoting Imbler, 424 U.S. at 430). Solorio's sole allegation against Ziegler and Feudale targets an act taken by Ziegler and Feudale as opposing counsel defending against Solorio's original complaint: that, as defense counsel for Loback and O'Malley, they refused to help him procure real estate documents from the Assessor's Office. Dkt. 15 at 2. Such an act is "intimately associated with the judicial phase of the litigation," Fry, 939 F.2d at 837 (internal quotation marks omitted), thus both Ziegler and Feudale are entitled to absolute immunity. See id.

### 1. Claim against Loback and Taranto for conducting an inadequate investigation.

Solorio argues that District Attorney Loback and District Attorney Inspector Taranto violated his rights by failing to conduct an adequate investigation of his complaint. Dkt. 15 at 6, 11. Defendants argue that Loback and Taranto are entitled to qualified immunity because they did not deprive Solorio of a clearly established right. Dkt. 18 at 10–13. Defendants are correct.

Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. For a right to be considered "clearly established," the law at the time of the event must have been sufficiently settled such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).

7

Even if a constitutional violation could be shown under the facts alleged, Loback and Taranto would nevertheless be entitled to qualified immunity because there is no "clearly established" rule that an inadequate investigation is unconstitutional. Indeed, the Ninth Circuit had held that a police officer is not liable for failing to investigate criminal allegations or for conducting an inadequate investigation into such allegations, absent a showing that the omission or inadequacy resulted in the deprivation of a constitutional right. Gomez v. Whitney, 757 F.2d 1005, 1005–06 (1985) (per curiam). Thus, even if the investigation was inadequate, a reasonable officer would not have thought that it violated Solorio's constitutional rights. Accordingly, Loback and Taranto are entitled to qualified immunity for conducting an allegedly inadequate investigation.

**B.    Claim against the County of Alameda.**

Solorio contends that the Alameda County Assessor's Office violated his constitutional rights by denying his request for access to real estate documents. Dkt. 15 at 2, 20. Defendants do not dispute that the Assessor's Office is appropriately construed as a municipality for the purpose of this case. See Dkt. 18 at 16. Defendants argue that Solorio fails to allege facts necessary to find a municipality liable under § 1983.[6] Defendants are correct.

A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691 (1978). Rather, "the actions of individual employees can support liability against a municipality under § 1983 only if those employees were acting pursuant to an official municipal policy." Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003). A municipality may be

---

[6] Solorio's Amended Complaint refers to 42 U.S.C. § 1981. Dkt. 15 at 1. However, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. Solorio's claim does not sound in racial discrimination. See generally Dkt. 15. Rather, his claims more naturally fit within 42 U.S.C. § 1983, which provides a cause of action against those who "under color of [law]" deprive another of the "rights, privileges, or immunities secured by the Constitution and laws." Id. Indeed, Defendants' Motion to Dismiss characterizes Solorio's claims as brought under § 1983, Dkt. 18 at 5, and Solorio does not challenge that characterization in his response. See Dkt. 23. Thus, the Court concludes that Solorio's claims should be taken to arise under § 1983, not § 1981.

liable for a single, isolated violation only if "the person causing that violation has final policymaking authority." Id.; see also Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).

Even if the Court accepted that Solorio had a cognizable legal right to the documents he sought—a claim for which he provides no legal basis—Solorio does not demonstrate that the denial was pursuant to either a policy or a policymaker's decision. See Dkt. 15 at 14, 20. Thus Solorio does not allege sufficient facts to state a plausible claim for relief against the County of Alameda.

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendants' Motion to Dismiss with leave to amend. Should Solorio wish to amend, he may file an amended complaint on or before forty-five days from the entry of this order.

**IT IS SO ORDERED.**

Dated: November 13, 2018

CHARLES R. BREYER
United States District Judge