United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SOLORIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIN LOBACK, ET AL.,<br><br>　　　　Defendants. | Case No. 18-cv-03596-CRB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |

Pro se Plaintiff Manuel Solorio ("Solorio") claims that certain individuals and the County of Alameda (the "County") violated his civil and disability rights by declining to prosecute and investigate his sister for fraudulent administration of their father's estate. Dkt. 27.[1] The Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with leave to amend. MTD Order (Dkt. 26). Solorio subsequently filed a Second Amended Complaint. Dkt. 27. The Second Amended Complaint names a new individual Defendant, Gregory Slatoff ("Slatoff"), and removes the individual Defendants named in the First Amended Complaint. Id. at 1. It repeats his previous civil rights claims against the County and adds a new claim under the Americans with Disabilities Act ("ADA"). Id. Defendants again move to dismiss. MTD (Dkt. 28).

For the reasons that follow, the Court GRANTS the Defendants' Motion to Dismiss with prejudice.

---

[1] In the Court's electronic filing system, Solorio's Second Amended Complaint is split into three parts: Dkt. 27, Dkt. 27-1, and Dkt. 27-2. For ease of reference, they are referred to as such throughout this Order. The pages in this Order are numbered as designated at the top of each page by the Court's electronic filing system, rather than the page numbers assigned by the parties.

## I. BACKGROUND

The Court has set out the factual background of this case in its prior Order. MTD Order at 1–3. In the interest of brevity, the Court assumes the parties' familiarity with that background and does not repeat that background here. In addition to his previous claims, Solorio now alleges that County employees' actions also violated his disability rights. Solorio further alleges that Slatoff, the private estate attorney who drafted the trust documents at issue in this case, is similarly liable for violations of Solorio's civil and disability rights as a result of Slatoff's failure to produce real estate documents for Solorio's inspection. Dkt. 27 at 1.

On November 13, 2018, the Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with leave to amend. MTD Order. On December 11, 2018, Solorio filed a Second Amended Complaint. Dkt. 27. The content of this Complaint again asserts claims of wrongdoing against Loback, O'Malley, and Taranto, but the caption names as Defendants "Alameda County CA Counsel," "Assessor's Office of Alameda County CA," and "Mr. Gregory Slatof [sic]."[2] Dkt. 27 at 1. Solorio clarifies in his Opposition that he intends to substitute individual Defendants O'Malley, Loback and Taranto for individual Defendant Slatoff. Opp'n (Dkt. 29) at 2, 3, 6. Further, in addition to his removing individual Defendants Donna Ziegler, Raymond MacKay, and Scott Feudale (counsel for the County Defendants in this suit) from the caption of his Second Amended Complaint, Solorio's Opposition explains, "I only filed against [Ziegler, MacKay, and Feudale] just in case they violate my Constitutional rights." Opp'n at 2. Because both the content and caption of Solorio's Opposition reiterate his intention to bring claims only against the County and Slatoff, the claims previously raised against individual Defendants O'Malley, Loback, Taranto, Ziegler, MacKay, and Feudale are not discussed in this Order. See id. The Court thus construes Solorio as bringing suit only against the County and Slatoff.

---

[2] Defendants concede that because the Assessor's Office and County Counsel's Office are political subdivisions of the County, the County of Alameda is the proper public Defendant. D. MTD at 1.

2

United States District Court
Northern District of California

1  Defendants have now filed a Motion to Dismiss the Second Amended Complaint.
D. MTD.

## II. LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). For purposes of evaluating a motion to dismiss, a court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987).

While these standards apply to all pleadings, a pro se complaint "is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). If a district court grants a motion to dismiss, it "should liberally allow a party to amend its pleading." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)). A court may deny "leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment, etc." Id. (internal quotation marks omitted).

## III. DISCUSSION

### A. Solorio improperly substituted Defendants O'Malley, Loback and Taranto for Defendant Slatoff

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course without leave of the court or consent of the opposing party. Fed. R. Civ.

3

P. 15. Otherwise, parties may amend their pleadings only with leave of the court or consent of the opposing party. Id. Courts have held that where plaintiffs are not granted leave or given consent to name additional defendants in their amended pleadings, it is proper to dismiss newly named defendants without prejudice. See Bivins v. Jeu, No. 2:16-cv-0398 MCE KJN P, 2018 WL 5848906, at *1 (E.D. Cal. Nov. 6, 2018); see also Shadd v. County of Sacramento, No. 2:12-cv-02834-MCE-KJN, 2014 WL 794346, at *4 (E.D. Cal. Feb. 27, 2014); see also Nunn v. County of Orange, No. CV 06-2275-AG (JCX), 2007 WL 9662333, at *2 (C.D. Cal. Aug. 2, 2007).

Solorio alleged no claims against Slatoff until the Second Amended Complaint, in which he names Slatoff as a Defendant in the caption. Dkt. 27 at 1. Solorio's Opposition states, "I'm not taking Legal Action against Nancy O'Malley Taranto and Loback . . . now I'm taking Legal action against Mr Gregory Slatof [sic]." Opp'n at 2. The Court's Order granting Defendants' previous Motion to Dismiss did not grant Solorio permission to add or substitute Defendants. MTD Order. Because Slatoff was named as a new party without stipulation or leave of the Court, the Court dismisses the claims against Slatoff. The Court also finds that amendment would be futile. The Second Amended Complaint puts forth no information supporting a colorable claim against Slatoff, a private attorney, instead relying on same the inadequate set of facts accompanying his claims against the County. See generally Dkt. 27. Accordingly, the dismissal is with prejudice.

**B. Solorio fails to allege sufficient facts to state a plausible claim for relief against the County**

### 1. Civil Rights Claims

Like the First Amended Complaint, the Second Amended Complaint references 42 U.S.C. §§ 1981, 1983 and 1985(3) throughout, but often without accompanying facts articulating a specific claim under each statute. Dkt. 27. As a precaution, Defendants' Motion to Dismiss addresses §§ 1981, 1983 and 1985(3). D. MTD at 29–30. Solorio's Response does not clarify under which statute he intends to bring suit. See generally

Opp'n.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." Because Solorio's claim does not sound in racial discrimination, the Court's Order granting Defendants' previous Motion to Dismiss found that Solorio's claims should not be taken to arise under § 1983. See generally Dkt. 27; MTD Order at 8, FN 6. Similarly, § 1985(3), which prohibits two or more persons from conspiring to deprive another of equal protection of the laws, requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Because the Second Amended Complaint includes no additional information indicating that a § 1981 or a § 1985(3) claim is appropriate, see generally Dkt. 27, the Court takes Solorio's claims against the County as arising only under § 1983.

Section 1983 provides a cause of action against those who "under color of [law]" deprive another of the "rights, privileges, or immunities secured by the Constitution and laws." A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691 (1978). Rather, "the actions of individual employees can support liability against a municipality under § 1983 only if those employees were acting pursuant to an official municipal policy." Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003). A municipality may be liable for a single, isolated violation only if "the person causing that violation has final policymaking authority," id., as defined either by legislative enactment or delegated by an official who possesses such authority, Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).

Echoing the same factual allegations from his previous Complaint, Solorio has again failed to demonstrate that County employees' refusal to provide him with documents was either pursuant to a policy or a policymaker's decision. See Dkt. 27 at 39, Dkt. 27-1 at 8. Because County employees' actions were not alleged to be (1) pursuant to a

longstanding practice or custom or (2) perpetrated by an individual with final policymaking authority, the Court dismisses Solorio's § 1983 claim against the County. Further, because the absence of new facts sufficient to support a plausible claim for relief indicates that further amendment would be futile, the dismissal is with prejudice.

### 2. ADA Claim

To demonstrate a prima facie case against a public entity under Title II of the ADA, the plaintiff must show that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. Sheehan v. City & Cnty. Of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014). Plaintiffs seeking compensatory damages must also allege sufficient facts to show discriminatory intent by the defendant. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

The facts set forth in the Second Amended Complaint do not satisfy these elements. Solorio states that he suffers from high blood pressure, diabetes, and chronic back problems resulting from a serious accident in 1996. Dkt. 27-1 at 11. He alleges that County employees O'Malley, Loback and Taranto knew of these medical issues, and suggests that O'Malley applied "the fullest extent of the law" in other cases despite failing to do so in his. Dkt. 27 at 3, 8, 20. However, Solorio does not set forth facts showing that he qualifies as a disabled individual within the meaning of Title II. See generally Dkt. 27; see also 42 U. S. C. A. § 12102(1)(A) (defining "disability" as a "physical or mental impairment that substantially limits one or more major life activities" of an individual). Solorio also does not allege what public services, programs, or activities he was denied the benefit of, or specific facts amounting to intentional discrimination against him by County employees. See generally Dkt. 27. Without such a showing of Defendants' intention to

6

discriminate on the basis of disability or deliberate indifference to an established disability, Solorio's ADA claim against the County is not sufficient to survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Consequently, the Court dismisses Solorio's ADA claim against the County. Further, because Solorio relies on the same inadequately pled set of facts to support this claim in his Second Amended Complaint, the Court finds that further amendment would be futile. Thus, the Court dismisses the Second Amended Complaint with prejudice.

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendants' Motion to Dismiss the Second Amended Complaint with prejudice.

**IT IS SO ORDERED.**

Dated: February 13, 2019

CHARLES R. BREYER
United States District Judge